UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **A.R.L.** | **CASE NO. 6:23-CV-00852 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MERRICK GARLAND, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed by Petitioner A.R.L., through counsel, pursuant to 28 U.S.C. § 2241. Rec. Doc. 1. The government has filed a Response to the Petition [Rec. Doc. 21], to which Petitioner has filed a Reply [Rec. Doc. 26]. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

For the reasons which follow, **IT IS RECOMMENDED** that this *habeas corpus* action be **DENIED AND DISMISSED**.

**I.   FACTUAL BACKGROUND**

Petitioner, a transgender man and citizen of the Dominican Republic, entered the United States with his mother in 1995 under the Conditional Lawful Permanent Resident status. *See* Declaration of Jacques Metoyer, Rec. Doc. 21-1, p. 1, ¶ 6. He became a Lawful Permanent Resident on May 21, 1998. *Id*.

On September 19, 2014, Petitioner was arrested and later pled guilty to Unauthorized Use of a Motor Vehicle in the 3d Degree (misdemeanor) under state law. *See* Rec. Doc. 1, p. 7-8. On November 20, 2014, he was sentenced to 120 days in custody and a $1,000 fine. *Id*. On July 15, 2016, Petitioner was arrested and later pled guilty to Criminal Possession of a Controlled

1

Substance in the 7th Degree (misdemeanor) under state law. *Id*. He was sentenced to time served (96 days) on October 19, 2016. *Id*. On December 11, 2017, Petitioner was arrested and later pled guilty to Manufacturing/Sale/Possession/Prescribed Controlled Substance (misdemeanor) under state law. *Id*. On June 28, 2018, he was sentenced to pay a $250 fine, which he paid in full. *Id*. Petitioner was arrested on July 16, 2019, and federally charged with (1) Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl and Heroin and (2) Possession with Intent to Distribute Fentanyl. *Id*. Thereafter, he accepted responsibility and was sentenced on August 12, 2021, to 37 months on each count, to be served concurrently. *Id*. He served thirty-one months. *Id*.

Based on Petitioner's controlled substance convictions, he was placed in removal proceedings through the issuance of a Notice to Appear dated March 15, 2022. Rec. Doc. 21-1, ¶ 12. He was taken into ICE custody on or about March 4, 2022, and has been in ICE custody since that date.

On April 4, 2022, Petitioner's bond redetermination request was heard before an Immigration Judge in Jena, Louisiana. *Id*. at ¶ 13. Petitioner's bond request was denied as he is subject to mandatory detention under Section 236(c) of the Immigration and Nationality Act (8 U.S.C. § 1226(c)) based on his criminal drug convictions. On October 17, 2022, an Immigration Judge ("IJ") in Jena, Louisiana denied Petitioner's applications for relief from removal and ordered Petitioner removed to the Dominican Republic. *Id*. at ¶ 14. Subsequently, Petitioner filed his appeal with the Board of Immigration Appeals ("BIA"). *Id*. at ¶ 15.

On December 15, 2022, Petitioner was served with 90-day post order custody review (POCR). *Id*. at ¶ 15. On June 28, 2023, the BIA remanded the case to the IJ to make sufficient fact-finding and legal analysis to allow a meaningful appellate review of Petitioner's Convention Against Torture claim. *Id*. at ¶ 16. The IJ issued a new order denying relief under the Convention

2

Against Torture on or about October 18, 2023. *See* Rec. Doc. 32-2, p. 6, ¶ 5. Petitioner's appeal of that decision before the BIA is currently pending. *See* Notice of Appeal, Rec. Doc. 32-2, pp. 1-9.

Petitioner filed the instant petition on June 23, 2023, arguing that his prolonged and continuing civil detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment. Rec. Doc. 1, p. 11. Accordingly, he requests that this court grant him *habeas corpus* relief directing his immediate release from custody.

## II. LAW AND ANALYSIS

Initially, the undersigned notes that this court has subject matter jurisdiction over petitioner's challenge to the constitutionality of his pre-final removal order detention. *See Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (analyzing challenge to mandatory detention under 8 U.S.C. § 1226(c), mandatory detention provision); *Oyelude v. Chertoff*, 125 Fed. App'x 543, 546 (5th Cir. 2005); *See also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (concluding that § 2241 *habeas corpus* proceedings remain available as a forum for statutory and constitutional challenges to post-removal order detention).

### A. Petitioner's Mandatory Detention without a Bond Hearing is Constitutionally Permissible under 8 U.S.C. § 1226(c).

The detention of immigrant aliens in the United States goes back many decades. There is a long tradition of holding immigrant aliens in detention when public policy urges it, and government officials such as the Attorney General have wide discretion to hold immigrant aliens in detention if necessary. *Carlson v. Landon*, 342 U.S. 524, 540 (1952). That is not to say that their power is without limits, but Congress intended "to make the Attorney General's exercise of discretion presumptively correct and unassailable except for abuse." *Carlson*, 342 U.S. at 540. The

standard used to challenge the Attorney General's detention of certain immigrant aliens is an abuse of discretion standard. *Id*.

Congress, in its passage of Section 1226(c) was concerned with deportable criminal aliens not appearing for their removal hearings, and so it exercised its broad power over naturalization and immigration. *Demore v. Kim*, 538 U.S. 510, 511 (2003). While it might be unlawful for a U.S. citizen to remain incarcerated for a period of fourteen months, or longer, without a bond hearing, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 511 (quoting *Mathews v. Diaz,* 426 U.S. 67, 79-80 (1976)). And, although "the Fifth Amendment entitles aliens to due process in deportation proceedings, detention during such proceedings is a constitutionally valid aspect of the process." *Demore*, 538 U.S. at 511 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993) and *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).

Certain provisions of the law allow the Attorney General or other immigration officials to take into custody certain groups of immigrant aliens who are already in the United States. The law is clear and states "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Apprehension and Detention of Aliens, 8 U.S.C. § 1226(a). The only exception to this provision of the statute is subsection (c), which provides for the detention of criminal aliens. Section 1226(c) refers to aliens who are deportable or inadmissible based on a crime they have committed, and § 1226(c)(2) refers to their release. For immigrant aliens held under Section 1226(c), release is possible by the Attorney General

> [O]nly if the Attorney General decides pursuant to section 3521 of title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate

> of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding.

8 U.S.C. § 1226(c)(2).

The Supreme Court again considered 8 U.S.C. § 1226(c) in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). The Ninth Circuit Court of Appeals, by employing the canon of constitutional avoidance, previously construed Sections 1225(b), 1226(a), and 1226(c) "to limit the permissible length of an alien's detention without a bond hearing." *Jennings*, 138 S.Ct. at 842. The Supreme Court disagreed and found that the Ninth Circuit Court of Appeals "misapplied the canon in this case because its interpretations of the three provisions at issue here are implausible." *Id*. The Supreme Court unequivocally held that "subject only to express exceptions, §§ 1225(b) and 1226(c) authorize detention until the end of applicable proceedings." *Id*.

Petitioner has been convicted of the following controlled substance violations: (1) Possession of a Controlled Substance in the 7th degree on October 19, 2016; (2) Manufacturing/Sale/Possession of a Prescribed Controlled Substance on June 28, 2018; and (3) Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl and Heroin and Possession with Intent to Distribute Fentanyl on August 12, 2021. These convictions are undisputedly convictions for a controlled substance and subject Petitioner to deportation under 8 U.S.C. 1227(a)(2)(B)(i) and mandatory detention under 8 U.S.C. 1226(c)(1)(B). And given that his removal proceedings have not concluded, he may be released "only if" he is released for witness protection purposes. He does not fall within the "only if." Thus, he is simply not entitled to a bond hearing.

As the Fifth Circuit recently explained,

> Section 1226(c) provides that the Attorney General shall detain aliens who are inadmissible or removable based on having committed certain criminal offenses. § 1226(c)(1). Any alien detained under Section 1226(c)(1) may be released only if the alien's release is necessary for witness-protection purposes, and (2) the Attorney General is satisfied that the alien does not pose a danger to persons or property and that the alien is likely to appear for scheduled proceedings. § 1226(c)(2). In *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018), the Supreme Court stated that the language of the statute "reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute." The Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness protection purposes." *Id*. at 847.

*Wekesa v. United States Attorney*, 2022 WL 17175818, at * 1 (5th Cir. November 22, 2022).

Like Petitioner here, the petitioner in *Wekesa* challenged his pre-removal order detention pursuant to 8 U.S.C. § 1226(c). He, too, argued that "while originally lawful, his continued detention without an individualized bond hearing violates his due process rights." *Wekesa*, 2022 WL 17175818, at *1. Unlike Petitioner, the petitioner in *Wakesa*, however, had been in pre-removal order detention for "almost two-and-a half years" without a bond hearing, which is longer than Petitioner has been detained. *See id*. (Dissent at *1). The Fifth Circuit ultimately held that "[b]ecause [Petitioner] does not meet the statutory requirements for release under Section 1226(c)(2), the district court did not err by denying [Petitioner's] Section 2241 petition. His motion for an emergency temporary restraining order is also denied." *Id*. at * 1.

The Petitioner criticizes the government's reliance on the Fifth Circuit's *Wekesa* opinion and, instead, argues that the reasoning of the dissent requires this Court to ignore the plain text of section 1226(c) and adopt a "multi-factor review." The Court finds that this argument is misplaced and agrees with the government's contention that Petitioner's claim that he is constitutionally entitled to a bond hearing is still without merit. "Here, constrained by this authority, Petitioner is not constitutionally entitled to a bond hearing. As in *Ford*, Petitioner's detention ends when the

6

removal proceedings end. As the Respondents phrase it: The Petitioner's second appeal, which he chose to file in this matter, is pending. Upon completion of the appeal process, Petitioner will be subject to removal from the United States or will be granted asylum." *Tahtiyork v. U.S. Dep't of Homeland Sec.*, 20-1196, 2021 WL 389092, at *17 (W.D. La. Jan. 12, 2021), report and recommendation adopted, 2021 WL 372573 (W.D. La. February 3, 2021) (citing *Ford v. Ducote*, 2020 WL 8642257 * 2 (W.D. La. November 2, 2022)).

Here, Petitioner's detention will end when the removal proceedings end. Petitioner's appeal of the Immigration Judge's October 2023 order denying relief under the Convention Against Torture is currently pending. *See* Notice of Appeal, Rec. Doc. 32-2, pp. 1-9. Upon completion of this process, Petitioner will be subject to removal from the United States or will be granted asylum based on his Convention Against Torture claim.

**B. As a criminal alien subject to mandatory detention under 8 U.S.C. 1226(c), Petitioner has been afforded all substantive and procedural due process to which he is entitled.**

Control over immigration matters is a sovereign prerogative, largely within the control of the executive and legislative branches of government. *Ford*, 2020 WL 8642257 * 2 (citing *Landon v. Plasencia*, 459 U.S. 21 (1982). "Such matters are exclusively entrusted to the political branches of government, largely immune from judicial inquiry or interference." (citing *Harisiades v. Shaughnessy*, 342 U.S. 580 (1952)). Chief Judge Doughty reasoned in *Ford* that "as judges, our job is to interpret the law enacted by the legislative and executive branches of government. The statute does not provide for a bond hearing. The language 'shall be detained' is clear." *Id*. Simply put, Petitioner remains in removal proceedings. *See Jennings*, at 846 ("[B]y allowing aliens to be released 'only if' the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute. And together with § 1226(a),

§ 1226(c) makes clear that detention of aliens within its scope must continue 'pending a decision on whether the alien is to be removed from the United States.'").

   **1. The duration of Petitioner's detention during his removal period proceedings is reasonable.**

Because Petitioner is still in removal proceedings, his detention is neither indefinite nor potentially permanent. *See M.P. v. Joyce*, No. 1:22-cv-06123, 2023 WL 5521155, * 9 (W.D. La. August 23, 2023), report and recommendation adopted, 2023 WL 5517263 (discussing substantive and procedural due process in the context of immigration detention). Upon completion of that appeal process, Petitioner will be subject to removal from the United States or will be granted asylum. There is no indication that his custody will last longer than the duration of his removal proceedings. Further, the Court agrees with the government's argument that Petitioner's reliance on *Zadvydas v. Davis* to support his claim for unconstitutional detention is misplaced. As noted by Chief Judge Doughty: "[t]he Magistrate Judge incorrectly relied on *Zadvydas*. As discussed, *Zadvydas* only applies when the alien's detention is 'indefinite' or 'potentially permanent.' That is not the case here." *Ford*, 2020 WL 8642257 at * 3.

As of this date, Petitioner has been in pre-removal order detention for roughly 21 months. Other courts have found longer periods were not unreasonable for detention during removal proceedings. *Wekesa*, 2022 WL 17175818, at * 1 (5th Cir. November 22, 2022) (two-and-a-half years or 30 months); *M.P. v. Joyce*, at * 9 (W.D. La.) (18 months at the time of Court's opinion; collecting cases); *Barrera-Romero v. Cole*, 2016 WL 7041710, at * 5 (W.D. La. 2016) (20 months' detention); *Kim v. Obama*, 2010 WL 10862140 (W.D. Tex. 2012) (over one-and-a-half years detention); *Garcia v. Lacy*, 2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months' detention). Furthermore, while Petitioner has a legal right to seek judicial relief, it is apparent that the appeals and the pending civil ligation are the sole causes for his continued detention. *See M.P. v. Joyce*,

2023 WL 5521155 at * 8 ("Courts in this Circuit have repeatedly held that detention is neither indefinite nor potentially permanent where the delay in removal is directly attributable to the litigation activity of the alien.").

### 2. Petitioner is not in custody in violation of his procedural due process rights.

In a procedural due process claim, it is not the deprivation of liberty that is unconstitutional; it is the deprivation of liberty without adequate procedural safeguards. *See Virani v. Huron*, 19-CV-00499, 2020 WL 1333172, at *8 (W.D. Tex. 2020) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The regulations promulgated after *Zadvydas* aim to provide procedural safeguards. It is undisputed that Petitioner has received custody panel reviews. Rec. Doc. 21-1, p. 2, ¶ 15. After an initial round of proceedings before the IJ between March 21, 2022, and October 17, 2022, and a successful appeal to the BIA resulting in a remand to the IJ for further proceedings on June 28, 2023, the IJ issued a new order denying relief under the Convention Against Torture on October 24, 2023. *See* Rec. Doc. 32, p. 2. Petitioner's appeal of that decision before the BIA is currently pending. *Id*. Additionally, he has filed multiple grievances while in custody, all of which were investigated and addressed within the facility. Rec. Doc. 21-1, p. 2, ¶ 18. As such, Petitioner "has been afforded numerous procedural safeguards." *See M.P. v. Joyce,* 2023 WL 5521155 at * 10.

Significantly, the Supreme Court has held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018). The statute clearly mandates detention without bond hearing. Regardless, and

9

even if a hearing is required for pre-removal detention that has somehow become indefinite, Petitioner's detention is neither "indefinite" nor "potentially permanent." *M.P. v. Joyce*, 2023 WL 5521155 at * 10.

For these reasons, the court concludes that petitioner has failed to present a basis for *habeas* relief with respect to his pre-final removal order detention.

In light of the above;

**IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, December 20, 2023.

_____
David J. Ayo
United States Magistrate Judge